# Birmingham Railway, Light & Power Co. *v.* Grant.

### *Failure to Promptly Deliver Baggage.*

(Decided Nov. 23, 1911.  56 South. 769.)

*Carriers; Baggage; Action; Pleading.*—In an action against a carrier for putting off baggage before it reached its destination, a count alleging that plaintiff's trunk was put off the car to which he transferred, but which did not allege that the trunk was transferred to that car with the knowledge or consent of the defendant, and did not show that plaintiff had, in any way, acquired any right to have his trunk carried on that particular car, was bad on demurrer for failing to show that the act complained of constituted a breach of duty.

APPEAL from Birmingham City Court.

Heard before Hon. JAMES J. RAY.

Action by I. S. Grant against the Birmingham Railway, Light & Power Company, for failure to promptly deliver baggage. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The amended second count was as follows: "Plaintiff claims of the defendant $1,000 damages, for that heretofore, to wit, on the 31st day of August 1908, defendant was a common carrier of passengers by means of cars from Pratt City to Birmingham, in Jefferson county, Ala., and had two routes by which said trip could be made, one of which went to or by Ensley, and defendant for hire and reward carried trunks of passengers on said car; that on said date plaintiff, with his trunk, boarded one of said cars being used by the defendant as aforesaid for the carriage of passengers and trunks, and which car was to go to or by Ensley. The defendant's servants or agents on said car, to wit, the conductor thereof, acting within the line or scope of

his authority, received plaintiff as defendant's passenger on said car, and received his trunk to be carried to said Birmingham, and received from plaintiff the hire and reward, to wit, 25 cents, as the sum charged by the defendant to carry said trunk to said Birmingham, and defendant did carry said trunk on said car for said consideration a long distance, to wit, to Ensley. and carried same on another car a short distance, to wit, to Tuxedo, which was a long distance from and short of said Birmingham, and said trunk was by said defendant or its servants or agents on said last car put off said car a long distance from and short of said Birmingham, and a long distance from said Pratt City, and plaintiff avers that as a proximate consequence thereof he suffered the injuries and damages set out in the first count of the complaint. Plaintiff avers that his trunk was put off at, to wit, Tuxedo, a long distance from and short of said Birmingham, and he suffered said injuries and damages by reason of and as a proximate consequence of the negligence of defendant."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. Counsel discuss assignments of error relative to pleading, but without citation of authority. They insist that the court erred in giving charge 6, and that they are therefore entitled to a new trial on that account.—*McGhee v. Reynolds,* 117 Ala. 413; *B. R. L. & P. Co. v. Yielding,* 46 South. 747.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel insist that the court is without power to pass upon the questions presented by the motion for new trial.—*L. & N. v. Marbury,* 125 Ala. 237; *So. Ry. Co. v. Burgess,* 143 Ala. 365; *Armstrong v. Montgomery St. Ry.,* 123 Ala. 244.

WALKER, P. J.—The complaint as amended contained a second count, the demurrer to which was overruled. The act of the defendant which was complained of in that count was that plaintiff's trunk was put off the car to which he transferred at Ensley on his trip from Pratt City to Birmingham. That count does not show that the trunk was transferred to that car with the knowledge or consent of the defendant or of its employes. Nor does it show that the plaintiff had in any way acquired the right to have his trunk carried to Birmingham on that car. That count avers that defendant for hire and reward carried trunks of passengers on the car which plaintiff boarded at Pratt City for Birmingham, which car went to or by Ensley, and that the conductor on that car received plaintiff's trunk on that car to be carried to Birmingham, and was paid the amount charged for the service. For anything that is averred in that count, the trunk may have been by the plaintiff at Ensley taken from the car which was to carry it to Birmingham, and placed by him on another car, upon which he was without right to have it carried. If so, the act of defendant's employes on this latter car in putting the trunk off before Birmingham was reached was not the breach of any duty shown by the averments of the second count of the complaint to have been incurred by the defendant to the plaintiff. That count failing to show that the act complained of constituted such breach of duty, the demurrer pointing out this vital defect should have been sustained.

Reversed and remanded.